IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CHARLES P. YELTON and
DEANA L. YELTON,
Plaintiffs,

v. Case No.: 3:16cv56/MCR/EMT

WHITNEY BANK, et al.,
Defendants.
_________________________________/

**REPORT AND RECOMMENDATION**

This cause is before the court upon referral from the clerk. Plaintiffs commenced this action by filing a civil complaint (ECF No. 1). On June 6, 2016, Plaintiffs were ordered to respond to Defendant Whitney Bank's Motion to Dismiss by June 27, 2016 (*see* ECF No. 14). Plaintiffs failed to respond to the order. On November 3, 2016, the court issued an order requiring Plaintiffs to show cause, within twenty-one (21) days, why this action should not be dismissed for failure to comply with an order of the court (ECF No. 18). The time for compliance with the show cause order has now elapsed with no response from Plaintiffs.

Rule 7.1(E) of the local rules of this court provides that a party who opposes a motion must file a memorandum in opposition to the motion. Additionally, N.D. Fla. Loc. R. 7.1(H) provides: "The Court may grant a motion by default if an opposing party does not file a memorandum as required by this rule." *See also* Fed. R. Civ. P.

41(b) (authorizing dismissal for a plaintiff's failure to comply with a court order). Granting Defendant's motion by default is therefore appropriate.

In so doing, the court notes that Defendant presents a formidable argument in its motion to dismiss. The basis of Plaintiffs' complaint is that Defendants acted wrongfully by filing for foreclosure on a mortgage loan made to Plaintiffs in the Circuit Court of Santa Rosa County, Florida (Case No. 2014 CA 287). Judgment against Plaintiffs was entered on May 15, 2015 in this state litigation, and nine months later Plaintiffs filed the instant civil action challenging the foreclosure on grounds that it violated numerous federal and state statutes and constituted fraud (ECF No. 1).

Arguing that this action was nothing more than an attempt to appeal the state court decision, Defendant seeks dismissal on the basis of the Rooker-Feldman doctrine. The Rooker-Feldman doctrine derives from two Supreme Court cases, Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983). It bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."

Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005).

Here, Plaintiffs' claims of injury relating to the foreclosure of their property are inextricably intertwined with the state court's final judgment(s). *See* Casale v. Tillman, 558 F.3d 1258, 1260 (11th Cir. 2009) (explaining that the doctrine "applies both to federal claims raised in the state court and to those inextricably intertwined with the state court's judgment") (internal quotation marks omitted); *see also* Brown v. R.J. Reynolds Tobacco Co., 611 F.3d 1324, 1330 (11th Cir. 2010) ("The doctrine bars the losing party in state court 'from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'") (quoting Johnson v. De Grandy, 512 U.S. 997, 1005–06, 114 S. Ct. 2647, 129 L. Ed. 2d 775 (1994)). Therefore, as a matter of subject matter jurisdiction, this court would find that Plaintiffs' claims are barred under the Rooker-Feldman doctrine.

As a final note, the motion to dismiss was filed on behalf of Defendant Whitney Bank only, such Defendant having voluntarily appeared, evidently without having been served process. While there are numerous other named Defendants, there is no proof of service—nor any evidence that such was even attempted—during the more

than nine months that have already spanned in this case. Nevertheless, it is plain that Plaintiff would be unable to maintain his claim against these remaining Defendants on the same grounds as those asserted by Defendant Whitney Bank. Accordingly, Plaintiffs' claims against these remaining Defendants are also subject to dismissal. Loman Dev. Co. v. Daytona Hotel and Motel Suppliers, Inc., 817 F.2d 1533, 1537 (11th Cir. 1987) ("A District Court may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related.") (quoting Silverton v. Dept. of the Treasury, 644 F.2d 1341, 1345 (9th Cir. 1981)); *see also* Bonny v. Society of Lloyd's, 3 F.3d 156, 162 (7th Cir. 1993).

Accordingly, it is respectfully **RECOMMENDED**:

1. That Defendant's Motion to Dismiss (ECF No. 13) be **GRANTED** by default.

2. That this case be **DISMISSED** as to all Defendants and Judgment entered in favor of all Defendants on all claims.

At Pensacola, Florida, this 2nd day of December 2016.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**